## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 16-20082 |
| | ) | |
| CORY SANFORD, | ) | |
| | ) | |
| Defendant. | ) | |

## UNITED STATES OF AMERICA'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR RECONSIDERATION OF DETENTION AND MOTION TO VACATE HEARING

COMES NOW the United States of America, by John C. Milhiser, United States Attorney for the Central District of Illinois, and Assistant United States Attorney Bryan Freres, and hereby files its response in opposition to defendant Cory Sanford's motion for bond (R.79, 82), and accompanying motion to vacate hearing.  For the reasons stated herein, defendant's motion should be denied and the pending hearing should be vacated because this Court lacks authority to grant the request.

1.      On December 6, 2016, the grand jury returned an indictment charging the defendant with the possession of heroin with the intent to distribute (Count 1), possession of a firearm in furtherance of a drug trafficking crime (Count 2), and possession of a firearm by a felon (Count 3) (R.1) On January 4, 2017, the defendant appeared for his detention hearing. (d/e 12/6/18). After hearing arguments for both parties, this Court ordered the defendant detained pending trial because the Court found the defendant was

a risk of nonappearance at future proceedings. (d/e 1/4/17; R.12). The defendant is presently housed at the Livingston County Jail.

2.     On August 27, 2019, the defendant pled guilty pursuant to a written plea agreement to Counts 1 and 2 of the indictment. (d/e 8/27/2019; R.62) The Court accepted the guilty plea, (R.63-66) and the case is pending sentencing. (d/e 3/23/2020) One of the counts the defendant pled guilty to (Count Two) carries a five-year mandatory minimum sentence that must run consecutive to any other counts. *See* 18 U.S.C. § 924(c).

3.     On April 14, 2020, the defendant filed the present motion seeking release based on the ongoing COVID-19 pandemic.[1] COVID-19 is a virus that places *all Americans* at risk. Moreover, there are no known cases of COVID-19 at his facility, and the jails in the Central District of Illinois have taken extraordinary steps to protect the detainees from the virus.

4.     More importantly, however, the Court has no authority to grant the defendant's request. As an individual who "has been found guilty of an offense who is awaiting imposition or execution of sentence," his case is governed by 18 U.S.C. § 3143, which commands that the judicial officer "shall" detain an individual who has been found guilty of an offense described in 18 U.S.C. § 3142(f)(1)(C). Section 3142(f)(1)(C) includes an "offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801 et seq.)." Even setting aside

---

[1] The United States does not have access to the actual motion. It has been ordered sealed, and a copy of the sealed document has never been forwarded to the United States. Regardless, the motion to seal suggests this is a COVID-19 based motion for release, and under the statute and the posture of the case, the Court has no authority to grant such a motion.

any enhanced sentenced under 21 U.S.C. § 841(b)(1)(C) and 851, the defendant's conviction for Count One carries a maximum sentence of 20 years of imprisonment. *See* 21 U.S.C. § 841(b)(1)(C). As such, the defendant "shall" be detained pending sentencing.

5.     Section 3143(a)(2) proscribes only two exceptions to the requirement that the judicial officer detain a defendant in this position, and neither is available to this defendant. First, the United States would have to recommend no sentence of imprisonment be imposed. *See* 18 U.S.C. § 3143(a)(2)(A)(ii). The defendant has a mandatory minimum consecutive five-year sentence for Count Two, meaning it is impossible for the United States to not recommend jail time. Regardless, the defendant is also a Career Offender, and therefore his guideline range on Count One will be somewhere between 151 – 235 months, which must be run consecutive to the additional 60 months for Count Two. Regardless of the specifics of the range, the United States is going to recommend significant jail time for the defendant.

6.     The other possible exception requires the Court to make the following two findings: (1) "there is a substantial likelihood that a motion for acquittal or new trial will be granted," and (2) "by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person in the community." 18 U.S.C. §§ 3143(a)(2)(A)(i) and (B). Taking the second point first, the Court has already found the defendant is a flight risk. (R.12) Moreover, there is no likelihood that a motion for acquittal or new trial will be granted. The defendant pled guilty to these offenses, and the Court accepted that guilty plea. The defendant does not challenge the basis for his guilty plea, and even if he did, that would not be sufficient to meet the standard for this section, as motions for

acquittal presuppose a trial. *See* Fed. R. Crim P. 29(c)(1) (motions for acquittal must be made at the later of "within 14 days after a guilty verdict or after the court discharges the jury."); Fed. R. Crim. P. 33. Due to the procedural posture of this case, the Court is without authority to release the defendant pending sentencing under any of the available statutory provisions.

7.     A similar motion was recently rejected by Judge Hawley in *United States v. Goodwill*, Case No. 18-20025 (C.D. Ill. April 8, 2020). After the parties noted the application of 18 U.S.C. § 3143, Judge Hawley vacated the hearing and denied the motion because he found he lacked authority to release an individual who was detained pending sentencing while facing a mandatory minimum sentence. *Id.* ("As both the Defendant and the Government acknowledge, the Defendant[']s release or detention is governed by 18 USC [§] 3143(a)(2)(ii), which addresses the release or detention of a defendant pending sentencing. Because the Defendant cannot establish the precondition for release set forth in the statute cited herein, the Court cannot release the Defendant. Accordingly, the Defendants motions are denied and the hearing set 4/14/2020 on the motion is vacated.").

WHEREFORE, because the statutory provision applicable to the defendant's current procedural posture precludes this Court from ordering his release, as a matter of law this defendant must remain detained pending sentencing. As such, his motion should be denied (R.79, 82) Furthermore, this Court should vacate the hearing, as the matter is governed by a rule of law and no evidence is necessary.

Respectfully submitted,

JOHN C. MILHISER
UNITED STATES ATTORNEY


*/s/ Bryan D. Freres*
Bryan D. Freres
U.S. Attorney's Office
201 S. Vine Street, Ste. 226
Urbana, IL 61802
Telephone: 217/373-5875
Bryan.Freres@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on April 16, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Monroe McWard.

*/s/ Bryan D. Freres*